# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

LEMAIRE ILLUMINATION TECHNOLOGIES, LLC

        Plaintiff,

v.

LG ELECTRONICS U.S.A., INC., LG ELECTRONICS
MOBILECOMM U.S.A., INC. AND LG
ELECTRONICS MOBILE RESEARCH U.S.A., LLC,

        Defendants.

Civil Action No. 2:16-cv-00772-JRG
The Hon. Rodney Gilstrap

JURY TRIAL DEMANDED

**FIRST AMENDED ANSWER AND COUNTERCLAIMS OF LG ELECTRONICS
U.S.A., INC., LG ELECTRONICS MOBILECOMM U.S.A., INC., AND
LG ELECTRONICS MOBILE RESEARCH U.S.A., LLC, TO
PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendants LG Electronics U.S.A., Inc. ("LGEUS"), LG Electronics Mobilecomm U.S.A.,

Inc. ("LGEMU") and LG Electronics Mobile Research U.S.A., LLC. ("LGEMR") (collectively,

"LG"), by and through their attorneys, hereby answer the Plaintiff's Original Complaint for Patent

Infringement ("Complaint") filed by Plaintiff Lemaire Illumination Technologies, LLC

("Lemaire"), and file the Counterclaims enumerated below.  LG denies the allegations and

characterization in Lemaire's Complaint unless expressly admitted in the following paragraphs:

## INTRODUCTION

1.      LG admits that U.S. Patent No. 6,095,661 ("the '661 patent") on its face states an

issue date of August 1, 2000 and is titled "Method and Apparatus for an L.E.D. Flashlight," U.S.

Patent No. 6,488,390 ("the '390 patent") on its face states an issue date of December 3, 2002 and

is titled "Color-Adjusted Camera Light and Method," and U.S. Patent No. 9,119,266 ("the '266

patent") on its face states an issue date of August 25, 2015 and is titled "Pulse L.E.D. Illumination Apparatus and Method."   LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Complaint, and, therefore, denies all such allegations.

2.      LG denies that it has committed any acts of infringement, in this District or elsewhere.  Any remaining allegations in Paragraph 2 of the Complaint are either legal conclusions that require no response, or to the extent they require a response, are denied by LG.

### THE PARTIES

3.      LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and, therefore, denies all such allegations.

4.      LGEUS admits that it is a Delaware corporation with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  LGEUS also admits that it may be served through its registered agent.  LGEUS denies the remaining allegations of Paragraph 4.

5.      LGEMU admits that it is a California corporation.  LGEMU also admits that it may be served through its registered agent.  LGEMU denies the remaining allegations of Paragraph 5.

6.      LGEMR admits that it is a California corporation with its principal place of business at 10225 Willow Creek Rd., San Diego, California 92131.  LGEMR also admits that it may be served through its registered agent.  LGEMU denies the remaining allegations of Paragraph 6.

### JURISDICTION AND VENUE

7.      LG admits that this action purports to arise under the Patent Laws of the United States.  LG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 7 of the Complaint, or Paragraph 7 states legal conclusions to

which no response is required, or to the extent they require a response, are denied by LG.

8.      LG admits that this action purports to arise under the Patent Laws of the United States, and that the Court has original jurisdiction over patent infringement actions.  LG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 8 of the Complaint, or Paragraph 8 states legal conclusions to which no response is required, or to the extent they require a response, are denied by LG.

9.      LG denies that it has committed any acts of infringement, in this District or elsewhere.  Any remaining allegations in Paragraph 9 of the Complaint are either legal conclusions that require no response, or to the extent they require a response, are denied by LG.

10.      LG denies that it has committed any acts of infringement, in this District or elsewhere.  Any remaining allegations in Paragraph 10 of the Complaint are either legal conclusions that require no response, or to the extent they require a response, are denied by LG.

11.      LG denies that it has committed any acts of infringement, in this District or elsewhere, and also denies that venue in the Eastern District of Texas is proper.  Any remaining allegations in Paragraph 11 of the Complaint are either legal conclusions that require no response, or to the extent they require a response, are denied by LG.

## FACTUAL BACKGROUND

### A. Inventor Charles A. Lemaire

LG specifically denies any allegations or characterizations embodied in the heading, and merely repeats it for ease of reference.

12.      LG restates and incorporates by reference its responses to each of the allegations set forth in the Complaint.

13.      LG is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 13 of the Complaint, and, therefore, denies all such allegations.

14.    LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and, therefore, denies all such allegations.

15.    LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and, therefore, denies all such allegations.

16.    LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and, therefore, denies all such allegations.

17.    LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and, therefore, denies all such allegations.

18.    LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and, therefore, denies all such allegations.

## B.  Mr. Lemaire's Inventions related to LEDs

LG specifically denies any allegations or characterizations embodied in the heading, and merely repeats it for ease of reference.

19.    LG restates and incorporates by reference its responses to each of the allegations set forth in the Complaint.

20.    LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and, therefore, denies all such allegations.

21.    LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, and, therefore, denies all such allegations.

22.    LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and, therefore, denies all such allegations.

23.    LG is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 23 of the Complaint, and, therefore, denies all such allegations.

24.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint, and, therefore, denies all such allegations.

25.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, and, therefore, denies all such allegations.

## C.  Lemaire Illumination

LG specifically denies any allegations or characterizations embodied in the heading, and merely repeats it for ease of reference.

26.     LG restates and incorporates by reference its responses to each of the allegations set forth in the Complaint.

27.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint, and, therefore, denies all such allegations.

28.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint, and, therefore, denies all such allegations.

29.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint, and, therefore, denies all such allegations.

## D. Lemaire Illumination Patents

LG specifically denies any allegations or characterizations embodied in the heading, and merely repeats it for ease of reference.

30.     LG restates and incorporates by reference its responses to each of the allegations set forth in the Complaint.

31.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint, and, therefore, denies all such allegations.

32.     LG admits that U.S. Patent No. 6,095,661 ("the '661 patent") on its face states an issue date of August 1, 2000 and is titled "Method and Apparatus for an L.E.D. Flashlight."  LG denies that claim 34 of the '661 patent is exemplary.  LG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 32 of the Complaint, and, therefore, denies all such allegations.

33.     LG admits that U.S. Patent No. 6,488,390 ("the '390 patent") on its face states an issue date of December 3, 2002 and is titled "Color-Adjusted Camera Light and Method."  LG denies that claim 19 of the '390 patent is exemplary.  LG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 33 of the Complaint, and, therefore, denies all such allegations.

34.     LG admits that U.S. Patent No. 9,119,266 ("the '266 patent") on its face states an issue date of August 25, 2015 and is entitled "Pulse L.E.D. Illumination Apparatus and Method." LG denies that claims 1, 9, and 16 of the '266 patent are exemplary.  LG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 34 of the Complaint, and, therefore, denies all such allegations.

35.     LG denies the allegations of Paragraph 35.

**E.  Conduct by Defendants**

**i.      The LG G3 Smartphone Device**

LG specifically denies any allegations or characterizations embodied in the heading, and merely repeats it for ease of reference.

36.     LG restates and incorporates by reference its responses to each of the allegations set forth in the Complaint.

37.     LG admits that on or about May 27, 2014, a press release announced the LG G3

and various launch events.  LG denies the remaining allegations of Paragraph 37 of the Complaint.

38.     LG denies the allegations of Paragraph 38 of the Complaint.

39.     LG denies the allegations of Paragraph 39 of the Complaint.

40.     LG denies the allegations of Paragraph 40 of the Complaint.

41.     LG denies the allegations of Paragraph 41 of the Complaint, including all allegations in Exhibits D-1, E-1, and F-1 of the Complaint.

**ii.     The LG G4 Smartphone Device**

LG specifically denies any allegations or characterizations embodied in the heading, and merely repeats it for ease of reference.

42.     LG restates and incorporates by reference its responses to each of the allegations set forth in the Complaint.

43.     LG admits that on or about April 29, 2015, a press release announced the LG G4 and launch events.  LG denies the remaining allegations of Paragraph 43 of the Complaint.

44.     LG denies the allegations of Paragraph 44 of the Complaint.

45.     LG denies the allegations of Paragraph 45 of the Complaint.

46.     LG denies the allegations of Paragraph 46 of the Complaint.

47.     LG denies the allegations of Paragraph 47 of the Complaint, including all allegations in Exhibits D-2, E-2, and F-2.

48.     LG denies the allegations of Paragraph 48 of the Complaint.

**COUNT I**
**INFRINGEMENT OF UNITED STATES PATENT NO. 6,095,661**

LG specifically denies any allegations or characterizations embodied in the headings, and merely repeats it for ease of reference.

49.     LG restates and incorporates by reference its responses to each of the allegations

set forth in the Complaint.

50.     LG admits that the '661 patent on its face states an issue date of August 1, 2000 and is titled "Method and Apparatus for an L.E.D. Flashlight."  LG denies that the '661 patent was duly and legally issued after a full and fair examination.  LG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 50 of the Complaint, and, therefore, denies all such allegations.

51.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint, and, therefore, denies all such allegations.

52.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint, and, therefore, denies all such allegations.

53.     LG denies the allegations of Paragraph 53 of the Complaint, including the allegations in Exhibits D-1 and D-2 of the Complaint.

54.     LG denies the allegations of Paragraph 54 of the Complaint.

55.     LG denies the allegations of Paragraph 55 of the Complaint.

56.     LG denies the allegations of Paragraph 56 of the Complaint.

57.     LG denies the allegations of Paragraph 57 of the Complaint.

58.     LG denies the allegations of Paragraph 58 of the Complaint.

59.     LG denies the allegations of Paragraph 59 of the Complaint.

60.     LG denies the allegations of Paragraph 60 of the Complaint.

61.     LG denies the allegations of Paragraph 61 of the Complaint.

62.     LG denies the allegations of Paragraph 62 of the Complaint.

## COUNT II
## INFRINGEMENT OF UNITED STATES PATENT NO. 6,488,390

LG specifically denies any allegations or characterizations embodied in the heading, and

merely repeats it for ease of reference.

63.     LG restates and incorporates by reference its responses to each of the allegations set forth in the Complaint.

64.     LG admits that the '390 patent on its face states an issue date of December 3, 2002 and is titled "Color-Adjusted Camera Light and Method."  LG denies that the '390 patent was duly and legally issued after a full and fair examination.  LG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 64 of the Complaint, and, therefore, denies all such allegations.

65.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint, and, therefore, denies all such allegations.

66.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint, and, therefore, denies all such allegations.

67.     LG denies the allegations of Paragraph 67 of the Complaint, including the allegations set forth in Exhibits E-1 and E-2.

68.     LG denies the allegations of Paragraph 68 of the Complaint.

69.     LG denies the allegations of Paragraph 69 of the Complaint.

70.     LG denies the allegations of Paragraph 70 of the Complaint.

71.     LG denies the allegations of Paragraph 71 of the Complaint.

72.     LG denies the allegations of Paragraph 72 of the Complaint.

73.     LG denies the allegations of Paragraph 73 of the Complaint.

74.     LG denies the allegations of Paragraph 74 of the Complaint.

75.     LG denies the allegations of Paragraph 75 of the Complaint.

76.     LG denies the allegations of Paragraph 76 of the Complaint.

## COUNT III
## INFRINGEMENT OF UNITED STATES PATENT NO. 9,119,266

LG specifically denies any allegations or characterizations embodied in the heading, and merely repeats it for ease of reference.

77.     LG restates and incorporates by reference its responses to each of the allegations set forth in the Complaint.

78.     LG admits that the '266 patent on its face states an issue date of August 25, 2015 and is titled "Pulsed L.E.D. Illumination Apparatus and Method."  LG denies that the '266 patent was duly and legally issued after a full and fair examination.  LG is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 78 of the Complaint, and, therefore, denies all such allegations.

79.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the Complaint, and, therefore, denies all such allegations.

80.     LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 of the Complaint, and, therefore, denies all such allegations.

81.     LG denies the allegations of Paragraph 81 of the Complaint, including the allegations set forth in Exhibits F-1 and F-2 of the Complaint.

82.     LG denies the allegations of Paragraph 82 of the Complaint.

83.     LG denies the allegations of Paragraph 83 of the Complaint.

84.     LG denies the allegations of Paragraph 84 of the Complaint.

85.     LG denies the allegations of Paragraph 85 of the Complaint.

86.     LG denies the allegations of Paragraph 86 of the Complaint.

87.     LG denies the allegations of Paragraph 87 of the Complaint.

88.     LG denies the allegations of Paragraph 88 of the Complaint.

89.     LG denies the allegations of Paragraph 89 of the Complaint.

90.     LG denies the allegations of Paragraph 90 of the Complaint.

## EXCEPTIONAL CASE

LG specifically denies any allegations or characterizations embodied in the heading, and merely repeats it for ease of reference.

91.     LG restates and incorporates by reference its responses to each of the allegations set forth in the Complaint.

92.     LG denies the allegations of Paragraph 92 of the Complaint.

93.     LG denies the allegations of Paragraph 93 of the Complaint.

94.     LG denies the allegations of Paragraph 94 of the Complaint.

## DEMAND FOR TRIAL BY JURY

95.     Lemaire's demand for a trial by jury does not require a response by LG.

## RESPONSE TO LEMAIRE'S PRAYER FOR RELIEF

96.     LG denies the underlying allegations in support of Lemaire's prayer for relief against LG as set forth in Paragraphs 1-95, denies that Lemaire is entitled to any relief whatsoever, and requests that the Court deny all relief to Lemaire and enter judgment in favor of LG.

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, LG denies them.

## ADDITIONAL DEFENSES

LG asserts the following Additional Defenses in response to Lemaire's Complaint and Lemaire's assertion of infringement of the '661, '390 and '266 Patents (individually and

collectively, "the Asserted Patents").  LG reserves its right to amend its Answer to add more Additional Defenses, including instances of inequitable conduct, as they become known throughout the course of discovery in this case.  Assertion of a defense is not a concession that LG has the burden of proving the matter asserted.

LG additionally restates and incorporates by reference the facts and assertions contained in LG's Counterclaims for Declaratory Relief.

## FIRST ADDITIONAL DEFENSE

97.     LG has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.

## SECOND ADDITIONAL DEFENSE

98.     The claims of the Asserted Patents are invalid and/or unenforceable at least because they fail to satisfy one or more of the conditions or requirements for patentability specified in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD ADDITIONAL DEFENSE

99.     Lemaire's claims for relief are statutorily limited in whole or in part by Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 286 and/or 287.

## FOURTH ADDITIONAL DEFENSE

100.     Lemaire's claims that LG indirectly infringes the Asserted Patents, either contributorily or by inducement, are barred, in whole or in part, because LG is not liable to Lemaire for the allegedly infringing acts for any time periods during which LG did not know of the Asserted Patents and/or did not have the specific intent to cause infringement of the Asserted Patents and/or otherwise did not know that its actions would constitute indirect infringement.  In addition, any

and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the infringement of the claims of the Asserted Patents.

## FIFTH ADDITIONAL DEFENSE

101.    Lemaire's claims are barred, in whole or in part, by an express or implied license, and/or the equitable doctrines of laches, unclean hands, waiver, acquiescence, patent misuse, estoppel and/or the doctrine of patent exhaustion.

## SIXTH ADDITIONAL DEFENSE

102.    Lemaire's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the Asserted Patents before the United States Patent and Trademark Office and/or during the prosecution of related patent applications.

## SEVENTH ADDITIONAL DEFENSE

103.    Lemaire has failed to state a claim for which relief can be granted, in particular with respect to any allegations of willful infringement.

## EIGHTH ADDITIONAL DEFENSE

104.    Lemaire's Complaint does not, with respect to the named defendants, allege any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, or any common question of law or fact.

## NINTH ADDITIONAL DEFENSE

105.    35 U.S.C. § 288 bars Lemaire from recovering costs associated with this action.

## TENTH ADDITIONAL DEFENSE

106.    Lemaire's claims are barred in whole or in part by laches, waiver and/or estoppel.

On information and belief, Lemaire and the alleged assignors of the Asserted Patents have been aware for many years that LG and others were developing, manufacturing, marketing and/or selling the Accused Products.

107.    Lemaire and the alleged assignors of the Asserted Patents have inexcusably and unreasonably delayed in bringing a patent infringement action against LG.  Their delay has economically and/or evidentially resulted in material prejudice to LG.

## ELEVENTH ADDITIONAL DEFENSE

108.    To the extent Lemaire seeks injunctive relief for alleged infringement, the relief sought by Lemaire is unavailable because any alleged injury to Lemaire is not immediate or irreparable because Lemaire has an adequate remedy at law for any alleged injury.

## TWELTH ADDITIONAL DEFENSE

109.    Lemaire lacks the right in whole or in part to recover for infringement prior to the date upon which it gained ownership of the Asserted Patents.

## THIRTEENTH ADDITIONAL DEFENSE

110.    Lemaire's remedies are limited by 28 U.S.C. § 1498(a).

## FOURTEENTH ADDITIONAL DEFENSE

111.    Lemaire lacks standing to pursue some or all of its claims against LG.

## FIFTEENTH ADDITIONAL DEFENSE

112.    On information and belief, subject to further discovery, and in the alternative, Lemaire's claims are barred in whole or in part because it has failed to name all necessary parties to this action.

## SIXTEENTH ADDITIONAL DEFENSE

113.    Lemaire is not entitled to injunctive relief because, among other things, any alleged

injury is not immediate or irreparable, Lemaire has an adequate remedy at law, and Lemaire's claims otherwise fail to meet the requirements for injunctive relief.  By way of example only, Lemaire is not entitled to injunctive relief because it does not compete with LGE, Lemaire has not suffered and is not suffering any irreparable harm as a result of LGE's alleged infringement, and Lemiare cannot show that any allegedly irreparable harm they have experienced or are experiencing is attributable to LGE's alleged infringement. Furthermore, Lemaire s can be fully compensated for any alleged infringement of the Asserted Patents with remedies at law (including damages), and can otherwise identify no circumstances in which they are entitled to injunctive relief.

## SEVENTEENTH ADDITIONAL DEFENSE

114.    Lemaire's claims for patent infringement are precluded in whole or in part to the extent that any accused functionality or acts are located or performed outside the United States.

## EIGHTEENTH ADDITIONAL DEFENSE

115.    Lemaire cannot prove that this is an exceptional case justifying an award of attorney's fees against LGE pursuant to 35 U.S.C. § 285.

## RESERVATION OF RIGHTS

116.    LG reserves the right to add any further additional defenses (including but not limited to inequitable conduct) or counterclaims permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, and/or at law or in equity which may now exist or in the future may be available based on discovery and further factual investigation in this case.


## LG'S COUNTERCLAIMS FOR DECLARATORY RELIEF

LGE incorporates by reference its responses to Paragraphs 1 through 116 of Lemaire's

Complaint as if fully set forth herein.  LG, for its counterclaims against Lemaire, states and alleges as follows:

## NATURE OF THE ACTION

1.      These counterclaims seek declaratory judgment respecting the patents asserted by Lemaire in this action.  LG seeks judgment under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

## PARTIES

2.      LG Electronics U.S.A., Inc. ("LGEUS") is a Delaware corporation having its a principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  LG Electronics Mobilecomm U.S.A., Inc. ("LGEMU") is a California corporation having its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  LG Electronics Mobile Research U.S.A., LLC ("LGEMR") is a California limited liability corporation having its principal place of business at 10225 Willow Creek Rd., San Diego, California 92131.  LGEUS, LGEMU and LGEMR are collectively referred herein as "LG."

3.      On information and belief, based on Paragraph 3 of the Plaintiff's Original Complaint for Patent Infringement as pled by Lemaire Illumination Technologies, LLC ("Lemaire"), Lemaire is a Texas limited liability company having its principal place of business at 14565 Grand Avenue, Burnsville, Minnesota 55306.

4.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5.      Lemaire has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.      By virtue of its filing this action, Lemaire has also consented that venue is

permissible in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.  By asserting these counterclaims, LG does not waive, and instead expressly preserves, any objection to venue with respect to Lemaire's Complaint in this action.  *See Rates Tech., Inc. v. Nortel Networks Corp.*, 399 F.3d 1302, 1307-08 (Fed. Cir. 2005).

7.     Lemaire, based on averments in its Complaint, claims to be the present assignee of U.S. Patent Nos. 6,095,661 ("the '661 Patent"), 6,488,390 ("the '390 Patent"), and 9,119,266 ("the '266 Patent") (individually and collectively, "the Asserted Patents") and claims to hold the right to pursue and collect damages for past and present infringement thereof.  Lemaire also claims that LG has infringed the Asserted Patents.  On information and belief, Lemaire has never made any product or system, or otherwise practiced, any claim of the Asserted Patents.

## COUNTERCLAIM COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

8.     LG incorporates by reference the allegations of Paragraphs 1-7 of its Counterclaims.

9.     Based on Lemaire's filing of this action and at least LG's First, Second and Fourth Additional Defenses, an actual controversy has arisen and now exists between the parties as to whether or not LG has infringed the Asserted Patents and whether the claims of the Asserted Patents are valid and/or enforceable.

10.    LG has not and is not now infringing any claim of the Asserted Patents under any theory, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).  For example, and without limitation to assert additional bases, LG has not infringed, and does not infringe, at least the following limitations of the asserted claims in the Asserted Patents:

The '661 Patent's Claim 34

- "an electrical control circuit that selectively applies pulsed power from a DC voltage source of electric power to the LEDs to control a light output color spectrum of the one or more LEDs and maintain a predetermined light output level of the LED units as a charge on the DC voltage source varies."

The '390 Patent's Claim 19

- "a control circuit operatively coupled to supply electrical pulses to the one or more LEDs that adjusts a height of the pulses to control a color spectrum of the LED output light and adjusts an LED on-time proportion to control an amount of the output light."

The '266 Patent's Claim 9

- "providing a device having a camera and a plurality of light-emitting diodes (LEDs), wherein the plurality of light-emitting diodes emits light having a spectrum that is adjustable;"

- "obtaining an image signal;"

- "measuring a color balance of the image signal;"

- "adjusting the spectrum of light from the plurality of light-emitting diodes based at least in part on the measured color balance."

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and Title 35 of the United States Code, LG requests a declaration by the Court that LG has not infringed, and does not infringe, any valid and enforceable claim of the Asserted Patents, whether directly, indirectly, individually, jointly, contributorily, and/or by inducement.  LG does not have an adequate remedy at law.

## COUNTERCLAIM COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY

12.     LG incorporates by reference the allegations of Paragraphs 1-11 of its Counterclaims.

13.     Based on Lemaire's filing of this action and at least LG's Second Additional Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patents.

14.     The claims of the Asserted Patents are invalid because the alleged inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq.*, including §§ 101, 102, 103, and/or 112.

15.     For example, and without limitation to provide additional bases in its invalidity contentions (including prior use by third parties), at least the following prior art references anticipate and/or render obvious the claims of the Asserted Patents, either alone or in combination, under 35 U.S.C. § 102 and/or under 35 U.S.C. § 103:

- U.S. Pat. No. 5,489,771

- U.S. Pat. No. 5,184,114

- U.S. Pat. No. 5,175,528

- U.S. Pat. No. 5,994,844

- U.S. Pat. No. 5,758,942

- U.S. Pat. No. 6,222,172

- Japanese Laid-open Patent Publication No. 1986-135092

- U.S. Pat. No. 5,010,412

- U.S. Pat. No. 5,012,392

- U.S. Pat. No. 5,783,909

- Japanese Pat. Pub. No. H07-50775

- U.S. Pat. No. 4,237,405

- U.S. Pat. No. 5,912,568

- U.S. Pat No. 5,666,571

- U.S. Pat. No. 6,256,067

- U.S. Pat. No. 4,326,161

- U.S. Pat. No. 5,745,176

- U.S. Pat. No. 5,451,979

- U.S. Pat. No. 7,038,398

- U.S. Pat. No. 4,499,525

- U.S. Pat. No. 6,016,038

- Patent Application Publication No. H07-13226

- U.S. Pat. No. 6,323,832

- Stasicki, B.; Hiller, W.J.; Meier, G.E.A., Light Pulse Generator for High Speed Photography Using Semiconductor Devices as a Light Source, 29 Optical Engineering 821, Jul 1990

- Basrur J.P., The process and efficiency of ultraviolet generation from gallium nitride blue light emitting diodes (1997)

- U.S. Pat. No. 4,992,704

- Japanese Pat. App. No. 1986-55357

- U.S. Pat. No. 4,514,727

- U.S. Pat. No. 4,841,198

- U.S. Pat. No. 4,777,535

- U.S. Pat. No. 4,346,329

- U.S. Pat. No. 5,272,327

- U.S. Pat. No. 5,315,695

- U.S. Pat. No. 5,485,201

- Linear Technology Application Note 59, "Applications of the LT1300 and KT1301 Micropower DC/DC Converters"

- Mark W. Hodapp, Semiconductors and Semimetals, Vol. 48, ch. 6

- U.S. Pat. No. 6,236,331

- Lancaster D., CMOS Cookbook (1st ed.)

- The Starlite system

- The PulsGuide system

- The Ultralite system

- The DC50 system

16.     Further, the specification for each of the Asserted Patents does not include a complete written description of the alleged invention in the asserted claims, or does not include sufficient specificity and detail so that after reading the specification a person of ordinary skill in the relevant art can practice the invention without undue experimentation.

17.     In addition, the claims for the Asserted Patents do not distinctly claim the subject matter that the patentee regards as the invention.  As a result, the claims of the Asserted Patents are not sufficiently definite so that one skilled in the art would understand the bounds of the claim when read in light of the specification.  Accordingly, the claims of the Asserted Patents are indefinite.

18.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and

Title 35 of the United States Code, LG requests a declaration by the Court that the Asserted Patents are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 101, 102, 103, and/or 112.  LG does not have an adequate remedy at law.

## EXCEPTIONAL CASE

19.     For the reasons set for in LG's Additional Defenses and Counterclaims, this is an exceptional case entitling LG to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## JURY DEMAND

20.     LG requests a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, LG respectfully request that this Court enter judgment in LG's favor against Lemaire and issue an order that includes:

A.     A declaration that LG has not infringed, and does not infringe, either directly, indirectly, or otherwise, any valid and enforceable claim of the Asserted Patents;

B.     A declaration that the claims of the Asserted Patents are invalid;

C.     Judgment against Lemaire and in favor of LG;

D.     A declaration that Lemaire take nothing by its Complaint;

E.     Dismissal of Lemaire's Complaint with prejudice;

F.     A declaration that this case is exceptional and an award to LG of its costs, expenses, and reasonable attorneys' fees incurred in this action; and

G.     Further relief as the Court may deem just and proper.

Dated:  November 1, 2016                    Respectfully submitted,


                                           By:   */s/ Melissa R. Smith*
                                                 Melissa R. Smith
                                                 SBN 24001351
                                                 Gillam & Smith LLP
                                                 303 South Washington Avenue
                                                 Marshall, Texas 75670
                                                 Telephone: 903-934-8450
                                                 Fax: 903-934-9257
                                                 melissa@gillamsmithlaw.com

                                                 Michael J. McKeon
                                                 D.C. Bar No. 459780
                                                 mckeon@fr.com
                                                 Christian A. Chu (Pro Hac Vice)
                                                 D.C. Bar. No. 483948
                                                 chu@fr.com
                                                 Scott A. Elengold (Pro Hac Vice)
                                                 D.C. Bar No. 976559
                                                 elengold@fr.com
                                                 FISH & RICHARDSON P.C.
                                                 1425 K Street, N.W., Suite 1100
                                                 Washington, D.C.  20005
                                                 Telephone: (202) 783-5070
                                                 Facsimile: (202) 783-2331

                                                 Attorneys for Defendants
                                                 LG ELECTRONICS U.S.A., INC., LG
                                                 ELECTRONICS MOBILECOMM U.S.A., INC.
                                                 and LG ELECTRONICS MOBILE RESEARCH
                                                 U.S.A., INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on, per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith
