**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LEMAIRE ILLUMINATION TECHNOLOGIES, LLC | § § § | |
| Plaintiff, | § § | Civil Action No. 2:16-cv-00772-JRG |
| vs. | § § | JURY TRIAL DEMANDED |
| | § | |
| LG ELECTRONICS USA, INC., LG ELECTRONICS MOBILECOMM USA, INC., and LG ELECTRONICS MOBILE RESEARCH U.S.A., LLC. | § § § § § § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS
DEFENDANTS/COUNTER-PLAINTIFFS' AMENDED COUNTERCLAIMS AND
MEMORANDUM IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff/Counter-Defendant

Lemaire Illumination Technologies, LLC moves to dismiss Defendants/Counter-Plaintiffs LG

Electronics USA, Inc. ("LGE USA"), LG Electronics Mobilecomm USA, Inc. ("LGE

MobileComm"), and LG Electronics Mobile Research, U.S.A., LLC. ("LGE Mobile Research"),

(collectively, "Defendants/Counter-Plaintiffs'") counterclaim for invalidity of the Patents-in-Suit

in their First Amended Answer and Counterclaims (Dkt. No. 31) for failure to state a claim upon

which relief can be granted.  The reasons for granting this Motion are set forth in detail below.

PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANTS/COUNTER-PLAINTIFFS' AMENDED COUNTERCLAIMS AND
MEMORANDUM IN SUPPORT

PAGE 1

## I.   SUMMARY OF ARGUMENTS

The First Amended Answer and Counterclaims filed by Defendants/Counter-Plaintiffs LG Electronics USA, Inc. ("LGE USA"), LG Electronics Mobilecomm USA, Inc. ("LGE MobileComm"), and LG Electronics Mobile Research, U.S.A., LLC. ("LGE Mobile Research"), (collectively, "Defendants/Counter-Plaintiffs") contains  a conclusory counterclaim for invalidity that is legally insufficient under the Supreme Court's *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) opinions.   Therefore, Defendants/Counter-Plaintiffs' counterclaim fails to assert a viable claim and is insufficiently pleaded.  Accordingly, dismissal pursuant to Rule 12(b)(6) is proper.

Plaintiff Lemaire Illumination Technologies, LLC ("Lemaire Illumination") filed its Original Complaint for Patent Infringement on July 14, 2016 against Defendants/Counter-Plaintiffs asserting infringement of U.S. Patent Nos. 6,095,661, 6,488,390, and 9,119,266  owned by Lemaire Illumination (collectively, the "Patents-in-suit").  Dkt. No. 1.  Defendants/Counter-Plaintiffs filed an Answer and Counterclaims to the Original Complaint on September 23, 2016. Dkt. No. 23.  Defendants/Counter-Plaintiffs' answer included two counterclaims, one alleging non-infringement of each of the Patents-in-suit and one alleging that each of the Patents-in-suit is invalid.  However, none of those asserted counterclaims provided any facts that support why any of the Patents-in-suit are not infringed or invalid.

Defendants/Counter-Plaintiffs failed to allege any factual basis for their counterclaim of non-infringement and failed to identify any theory upon which they rely to claim non-infringement.  *See* Dkt. No. 23 at 17, ¶10.  As with their counterclaim of non-infringement, Defendants/Counter-Plaintiffs failed to provide any factual basis for their counterclaim of

PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANTS/COUNTER-PLAINTIFFS' AMENDED COUNTERCLAIMS AND MEMORANDUM IN SUPPORT

PAGE 2

invalidity and failed to identify any theory upon which they rely to claim invalidity of the Patents-in-suit.  *See* Dkt. No. 23 at 18, ¶14.

After Defendants/Counter-Plaintiffs sought leave to amend their answer, Defendants/Counter-Plaintiffs filed a First Amended Answer and Counterclaims on November 1, 2016.  Dkt. No. 31.  As before, Defendants/Counter-Plaintiffs' amended counterclaims include a counterclaim for invalidity of the Patents-in-suit.  *See* Dkt. No. 31 at 19-22, ¶¶ 12-18.  Similarly as before, Defendants/Counter-Plaintiffs counterclaim for invalidity of the Patents-in-Suit fail to provide any facts that support why any of the Patents-in-suit are invalid.

## II.    ARGUMENT AND AUTHORITIES

The Court should dismiss Defendants/Counter-Plaintiffs' counterclaim for invalidity pursuant to Federal Rule of Civil Procedure 12(b)(6) and Supreme Court's *Twombly* and *Iqbal* opinions.

### A.    Legal Standards Governing Motions to Dismiss

To survive a motion to dismiss, a complaint must recite sufficient facts that when accepted as true, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[]." *Twombly*, 550 U.S. at 555.  Normally, in deciding a motion to dismiss for failure to state a claim, "courts must limit their inquiry to facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Wilson v. Birnberg,* 667 F.3d 591, 600 (5th Cir. 2012).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANTS/COUNTER-PLAINTIFFS' AMENDED COUNTERCLAIMS AND MEMORANDUM IN SUPPORT

PAGE 3

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Pleading facts merely consistent with a defendant's liability does not show plausibility of entitlement to relief.  *Id.*  Pleadings stating facts that imply merely the possibility of misconduct are inadequate and subject to dismissal under Rule 12(b)(6).  *Id.* at 679.  Furthermore, conclusory pleadings without well-pleaded factual allegations do not receive the assumption of truth—Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678.  Failure to plead enough facts to state a claim to relief that is plausible on its face will therefore result in dismissal per Rule 12(b)(6). *Id.*

The Fifth Circuit has held that Rule 8(a) counterclaims and affirmative defenses are subject to the same pleading requirements as complaints.  *See Teirstein v. AGA Med. Corp.*, No. 6:08cv14, 2009 U.S. Dist. LEXIS 125002, at *4 (E.D. Tex. Feb. 13, 2009) (citing *Woodfield v. Bowman*, 193 F. 3d 354, 362 (5th. Cir. 1999)).  Prior to the abrogation of Rule 84 and Form 18 of the Federal Rules of Civil Procedure, the pleading standard for complaints was the notice pleading requirement.  *Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955-JRG, 2016 U.S. Dist. LEXIS 83897, at *7 (E.D. Tex. June 28, 2016) ("Prior to its recent abrogation, Rule 84 of the Federal Rules of Civil Procedure provided that form pleadings automatically satisfy the pleading requirements of Rule 8(a)."); *see also In Re Bill of Lading Transm'n and Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).

The Federal Circuit considered the implications of *Iqbal* and *Twombly* in the context of patent cases—and the then existing Form 18 to the Federal Rules of Civil Procedure—as they relate to the sufficiency of patent infringement allegations. *See In Re Bill of Lading*, 681 F.3d at 1333-1337.  The Federal Circuit determined that because Form 18 permitted general infringement allegations, recitation of an infringed patent number was sufficient to plead a case

PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANTS/COUNTER-PLAINTIFFS' AMENDED COUNTERCLAIMS AND
MEMORANDUM IN SUPPORT

PAGE 4

for direct infringement.    Allegations of indirect infringement, however, have to meet the "plausibility" standard of *Iqbal* and *Twombly*.  *In Re Bill of Lading*, 681 F.3d at 1331. District Courts then relied on the Federal Circuit holding that notice pleading applies to claims of direct infringement, and consequently counterclaims, are subject to Form 18, which otherwise would be subject to *Twombly/Iqbal* standard.  *See Deniece Design, LLC v. Braun*, 953 F. Supp. 2d 765, 771 (S.D. Tex. 2013) (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) ("Moreover, it has reiterated that Rule 84 and the Advisory Committee Notes to the 1946 amendment 'make[] clear that a proper use of the Form contained in the Appendix of Forms effectively immunizes a claimant from attack regarding the sufficiency of the pleading.'").

Since the abrogation of Rule 84 and Form 18, the *Twombly/Iqbal* "plausibility" pleading standard is now required for complaints.  *See Ruby Sands*, 2016 U.S. Dist. LEXIS 83897, at *8. Accordingly, counterclaims are now also subject to the *Twombly/Iqbal* standard.  *See id.*; *Teirstein*, 2009 U.S. Dist. LEXIS 125002, at *4. To be sure, had Defendants/Counter-Plaintiffs filed their declaratory judgment counterclaims in an original complaint, Defendants/Counter-Plaintiffs would be held to the same *Twombly/Iqbal* plausibility standard.  *See id.*  Hence, Defendants/Counter-Plaintiffs should be held to the same standard when pleading a counterclaim in an answer. *See id.*  Further, "the heightened pleading standard of *Twombly* and *Iqbal* applies to indirect or induced infringement claims."  *Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*, No. W:13-CV-365, 2014 U.S. Dist. LEXIS 90379, at *7 (W.D. Tex. May 12, 2014) (citing *In Re Bill of Lading*, 681 F.3d at 1336-37).

Other District Courts have agreed and applied the *Twombly/Iqbal* standard to counterclaims having issued opinions dismissing invalidity counterclaims similar to that filed in

PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANTS/COUNTER-PLAINTIFFS' AMENDED COUNTERCLAIMS AND MEMORANDUM IN SUPPORT

PAGE 5

the present case. *E.g., Tyco Fire Products LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 903-05 (E.D.

Pa. 2011) (dismissing barebones invalidity counterclaim in a patent infringement case); *see also,*

*e.g., Idenix Pharm., Inc. v. Gilead Sciences, Inc.*, No. 13-1987-LP, 2014 WL 4222902, at \*5 (D.

Del. Aug. 25, 2014) (counterclaim with mere recitation of statutory provisions is insufficiently

plead); *Senju Pharm. Co., Ltd. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 303 (D. Del. 2013) (same);

*Crye Precision LLC v. Duro Textiles, LLC*, 112. F. Supp. 3d 69, 79 (S.D.N.Y. 2015) (dismissing

invalidity counterclaims consisting of bare recitation of statutory grounds without factual

allegations in support); *Info. Planning & Mgmt. Serv. Inc. v. Dollar Gen. Corp.*, No. 2:15-CV-

206, 2016 WL 69902, at \*3 (E.D. Va. Jan. 5, 2016) (dismissing invalidity counterclaim that

merely recited statutory grounds).

Accordingly, Defendants/Counter-Plaintiffs' counterclaim for invalidity is subject to the

*Twombly*/*Iqbal* plausibility standard and, as discussed below, this counterclaim fails to meet this

standard and should be dismissed.

**B.      Defendants/Counter-Plaintiffs' Counterclaim for Invalidity of the Patents-in-Suit
         Should be Dismissed for Failure to State a Claim upon which Relief can be Granted**

Defendants/Counter-Plaintiffs' counterclaim alleging that the Patents-in-suit are invalid

should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be

granted because Defendants/Counter-Plaintiffs' counterclaim is conclusory and provides no

factual basis to support this counterclaim under the standards set forth in *Twombly* and *Iqbal*.

> The claims of the Asserted Patents are invalid because the alleged inventions fail
> to satisfy the conditions for patentability specified in 35 U.S.C. § 100 et seq.,
> including §§ 101, 102, 103, and/or 112.

Dkt. No. 31 at 19, ¶14.

Defendants/Counter-Plaintiffs cite several sections of the Patent Act for alleging that the

Patents-in-suit are invalid, each of which sets forth unique subsections and corresponding bases

PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANTS/COUNTER-PLAINTIFFS' AMENDED COUNTERCLAIMS AND
MEMORANDUM IN SUPPORT

PAGE 6

for invalidation.  For example, under 35 U.S.C. § 101 a patent may only cover new and useful processes, machines, manufacture, or composition of matter.

With respect to at least 35 U.S.C. § 101, Defendants/Counter-Plaintiffs' mere recitation of the statutes constitutes the type of blanket assertions and conclusions that the Supreme Court in *Twombly* specifically referred to as failing to sufficiently plead under Rule 8.  *See Twombly*, 550 U.S. at 555, 556 n.6.  Defendants/Counter-Plaintiffs' counterclaim fails to not only identify a legal basis for their claim of invalidity, but also fails to include the required factual allegations to support any of the several of recited statutory sections.  *See* Dkt. No. 23 at 18, ¶14; *see also Iqbal* 556 U.S. 662, 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").  Specifically, the counterclaim does not describe at all how the listed section was not met to render any of the Patents-in-suit invalid.  *See id*.  As a result, Defendants/Counter-Plaintiffs' counterclaim for invalidity under 35 U.S.C. § 101 fails to state a claim that is plausible on its face.  *See Iqbal* 556 U.S. 662, 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

Defendants/Counter-Plaintiffs then allege that "at least the following prior art references anticipate and/or render obvious the claims of the Asserted Patents, either alone or in combination, under 35 U.S.C. § 102 and/or under 35 U.S.C. § 103…" Dkt. No. 31 at 19, ¶15. The paragraph then goes on to merely list forty-two (42) references without making any attempt to at least allege as to *how* any of the listed references anticipate and/or render obvious the claims of the Patents-in-suit.  *See id.*

PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANTS/COUNTER-PLAINTIFFS' AMENDED COUNTERCLAIMS AND MEMORANDUM IN SUPPORT

PAGE 7

As an initial matter, the counterclaim fails to describe which references anticipate the asserted claims under 35 U.S.C. § 102 and which references are combined to render obvious the asserted claims under 35 U.S.C. § 103.  *See* Dkt. No. 31 at 19-21, ¶15.

Under 35 U.S.C. § 102(a) a patent is invalid if invention was known, used by others in the United States or described in printed publication prior to invention.  Under 35 U.S.C. § 102(b) a patent is invalid if invention was patented or described in printed publication or in public use or on sale in the United States more than one year prior to application for patent. Under 35 U.S.C. § 102(c) a patent is invalid if invention has been abandoned.  Under 35 U.S.C. § 102(d) a patent is invalid if first patented in foreign country.  Under 35 U.S.C. § 102(e) a patent is invalid if described in application for patent filed prior to invention.  Under 35 U.S.C. § 102(f) a patent is invalid if it was invented by someone other than disclosed inventor.

Defendants/Counter-Plaintiffs' counterclaim fails to not only identify a legal basis for their claim of invalidity by not specifying any subsection of 35 U.S.C. § 102, but also fails to include the required factual allegations to support any of the several of recited statutory sections. *See* Dkt. No. 31 at 19-21, ¶15; *see also Iqbal* 556 U.S. 662, 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").  Specifically, with respect to 35 U.S.C. § 102 the counterclaim does not describe which subsection(s) were not met to render any of the Patents-in-suit invalid. *See* Dkt. No. 31 at 19-21, ¶15.  Moreover, the counterclaim does not describe how any of the cited forty-two (42) references disclose any element of any of the asserted claims of the Patents-in-suit let alone all the limitations of an asserted claim in order to allege that a reference anticipates the claim. *See id.*  Therefore, the counterclaim fails to contain sufficient

PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANTS/COUNTER-PLAINTIFFS' AMENDED COUNTERCLAIMS AND MEMORANDUM IN SUPPORT

PAGE 8

factual matter to state a claim for invalidity under 35 U.S.C. § 102 that is plausible on its face. *See Iqbal*, 556 U.S. 662, 678.

Under 35 U.S.C. § 103, a patent is invalid if the invention was obvious on the basis of one or more pieces of prior art.  Counter-plaintiffs fail to describe how any of the forty-two (42) cited references are combined to render any of the asserted claims obvious.  *See* Dkt. No. 31 at 19-21, ¶15.  For example, the counterclaim fails to describe which reference or references disclose or suggest a first subset of the elements of an asserted claim and which reference or references disclose or suggest a second subset of the elements of an asserted claim in order to, when combined, disclose or suggest all the elements of the asserted claim and render the claim obvious under 35 U.S.C. § 103.  *See id.*  Accordingly, the counterclaim does not provide sufficient factual matter, when accepted as true, to state a claim for invalidity under 35 U.S.C. § 103.  *See Iqbal*, 556 U.S. 662, 678.

Defendants/Counter-Plaintiffs' conclusory assertion for failure to meet the written description and enablement requirements of 35 U.S.C. § 112 also fails the pleading standard under *Twombly/Iqbal* because it does not allege *how* the Patents-in-suit allegedly fail to meet the written description requirement.  A claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[]." *Twombly*, 550 U.S. at 555.  Defendants/Counter-Plaintiffs allege:

> the specification for each of the Asserted Patents does not include a complete written description of the alleged invention in the asserted claims, or does not include sufficient specificity and detail so that after reading the specification a person of ordinary skill in the relevant art can practice the invention without undue experimentation.

Dkt. No. 31 at 21, ¶16.  Here again, this allegation is a conclusory recitation of what purports to be an allegation for a failure to meet the written description requirement of 35 U.S.C. § 112, but

PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANTS/COUNTER-PLAINTIFFS' AMENDED COUNTERCLAIMS AND MEMORANDUM IN SUPPORT

PAGE 9

fails to allege any facts as to how this requirement was not met. For example, the counterclaim does not even attempt to assert which claims or claim elements are not sufficiently described in the specification of any of the Patents-in-suit. *See* Dkt. No. 31 at 21, ¶16. Further, the allegation does not identify how the specification fails to enable one of ordinary skill in the art to make and/or use the invention, i.e., what details and/or elements of the claimed inventions are missing from the specification that one of ordinary skill in the art would need to practice the invention. *See id.* Finally, the allegation fails to assert what experimentation would be required by one of ordinary skill in the art in order to practice the invention and why the experimentation is allegedly unduly burdensome. *See id.* As a result, this formulaic allegation does not meet the pleading requirement standards laid out by the Supreme Court. *See Twombly*, 550 U.S. at 555.

As an initial matter, Defendants/Counter-Plaintiffs' purported allegation for indefiniteness is directly at odds with Defendants/Counter-Plaintiffs' allegation of invalidity of the Patents-in-suit for failing to meet the requirements of 35 U.S.C. §§ 102 and/or 103 because if the claims are indefinite as argued, which they are not, then the claims cannot be anticipated or rendered obvious because the scope of the allegedly indefinite claims, by definition, would not be reasonably certain and thereby would be impossible to compare to the cited references. *See* Dkt. No. 31 at 21, ¶ 17. In other words, one of reasonable skill in the art would not be able to ascertain where the scope of the claim ends and whether the disclosure of any cited reference falls within the scope of that allegedly indefinite claim in order to anticipate and/or render obvious that claim. Hence, Defendants/Counter-Plaintiffs' counterclaim does not provide any factual support as to how the asserted claims are plausibly indefinite in addition to being anticipated and/or rendered obvious. *See Iqbal*, 556 U.S. 662, 678 ("To survive a motion to

PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANTS/COUNTER-PLAINTIFFS' AMENDED COUNTERCLAIMS AND MEMORANDUM IN SUPPORT

PAGE 10

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

Further, Defendants/Counter-Plaintiffs' allegation that the claims are indefinite also fail to meet the pleading standard under *Twombly/Iqbal* because it provides no factual support to show how the claims are plausibly indefinite. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Defendants/Counter-Plaintiffs' counterclaim for indefiniteness does not even allege which claim elements or all elements of a particular claim or claims do not distinctly claim the invention. *See* Dkt. No. 31 at 21, ¶ 17. Hence, a reasonable inference cannot be made that the claims of the Patents-in-suit are indefinite under 35 U.S.C. § 112 and consequently fails to meet the pleading standard under *Twombly/Iqbal*. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

Therefore, Defendants/Counter-Plaintiffs' entire counterclaim for invalidity fails to meet the pleading standard under *Twombly* and *Iqbal* and should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### III.    CONCLUSION

For the reasons set forth above, Defendants/Counter-Plaintiffs counterclaim of invalidity of the Patents-in-suit should be dismissed for failure to state a claim upon which relief can be granted. Plaintiff/Counter-Defendant Lemaire Illumination respectfully requests that this Court grant this motion, dismiss Defendants/Counter-Plaintiffs' counterclaim, and grant all other relief to which Lemaire Illumination may be entitled.

PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANTS/COUNTER-PLAINTIFFS' AMENDED COUNTERCLAIMS AND MEMORANDUM IN SUPPORT

PAGE 11

Date:   November 16, 2016                    Respectfully submitted,


                                             */s/ Katarzyna Brozynski*
                                             Katarzyna Brozynski
                                             Texas State Bar No. 24036277
                                             SHANNON, GRACEY, RATLIFF & MILLER LLP
                                             420 Commerce Street, Suite 500
                                             Fort Worth, Texas 76102
                                             (817) 336-9333 Telephone
                                             (817) 336-3735 Fax
                                             Email: kbrozynski@shannongracey.com

                                             Sorana G. Ban
                                             Texas State Bar No. 24061520
                                             Antonio S. Devora
                                             Texas State Bar No. 24074133
                                             SHANNON, GRACEY, RATLIFF & MILLER LLP
                                             420 Commerce Street, Suite 500
                                             Fort Worth, Texas 76102
                                             (817) 336-9333 Telephone
                                             (817) 336-3735 Fax
                                             sban@shannongracey.com
                                             adevora@shannongracey.com

                                             NI, WANG AND MASSAND, PLLC
                                             Neal G. Massand
                                             Texas Bar No. 24039038
                                             8140 Walnut Hill Lane, Suite 500
                                             Dallas, TX, 75231
                                             (972) 331-4600 Telephone
                                             (972) 314-0900 Fax
                                             nmassand@nilawfirm.com

PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANTS/COUNTER-PLAINTIFFS' AMENDED COUNTERCLAIMS AND
MEMORANDUM IN SUPPORT

PAGE 12

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 16, 2016, the foregoing document was filed electronically in compliance with Local Rule CV-5(a), and thereby served on all counsel who are deemed to have consented to electronic service, per Local Rule CV-5(a)(3).

 */s/ Katarzyna Brozynski*
Katarzyna Brozynski

PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS DEFENDANTS/COUNTER-PLAINTIFFS' AMENDED COUNTERCLAIMS AND MEMORANDUM IN SUPPORT

PAGE 13